# EXHIBIT A



Keogh, Cox & Wilson, Ltd.
701 Main Street, Baton Rouge, LA 70802
P.O. Box 1151, Baton Rouge, LA 70821
P 225 383 3796  F 225 343 9612

keoghcox.com

Brian T. Butler, Partner
bbutler@keoghcox.com

April 6, 2018

VIA HAND DELIVERY

Bunn-O-Matic Corporation
**Attn: Eugene M. Wilken**
1400 Stevenson Drive,
Springfield, IL 62703

    RE:  *Diane Brown v. Southern Visions, LLP, d/b/a Sweet Brew Tea and Sugar Co.*
           Suit No. 779565 - Division "M", 24th Judicial District Parish of Jefferson
           Our File No. 184.1728615

To Whom It May Concern:

    Please be advised you have been formally served with the enclosed *Notice of Records Deposition* and *Subpoena*.

    This deposition is being noticed solely for the purpose of obtaining **certified copies** pertaining to the above captioned matter. Attached is a subpoena compelling you to provide the records or appear for the deposition. The date of the deposition is **April 19, 2018.**

    Thank you for your cooperation and assistance. If you have any questions or concerns, please feel free to contact myself of my paralegal, Lauren Blanchard.

    With kindest personal regards, we remain

                          Very truly yours,
                          KEOGH, COX & WILSON, LTD.

                          BRIAN T. BUTLER

BTB:lpb
Enclosures

4/6/18

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| DIANE BROWN ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:18-cv-2168 |
| SOUTHERN VISIONS, LLP, DBA SWEET BREW TEA AND SUGAR CO. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Bunn-O-Matic Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE NOTICE OF RECORDS DEPOSITION

| Place: Keogh Cox & Wilson, Ltd., 701 Main Street, Baton Rouge, LA 70802, | Date and Time: 04/19/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/05/2018

*CLERK OF COURT*

OR

_____     s/ Brian T. Butler
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Southern Visions, LLP, DBA Sweet Brew Tea and Sugar Co., _____, who issues or requests this subpoena, are:
Brian T. Butler, 701 Main Street, Baton Rouge, LA 70802, bbutler@keoghcox.com, (225) 383-3796

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:18-cv-2168

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: 4/6/18

*Server's signature*

John J Pennell PI
*Printed name and title*

40 Hickory Pt SPFLD IL 62712
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIANE BROWN * CIVIL ACTION NO.: 2:18-CV-2168

VERSUS * JUDGE: LANCE M. AFRICK

SOUTHERN VISIONS, LLP, DBA
SWEET BREW TEA AND SUGAR CO. * MAGISTRATE: JOSEPH C. WILKINSON, JR.
*****************************************************************

## NOTICE OF RECORDS DEPOSITION

TO:  Bunn-O-Matic Corporation
*through its agent for Service of Process*

Eugene M. Wilken
1400 Stevenson Drive
Springfield, IL 62703

**PLEASE TAKE NOTICE** that undersigned counsel will take the deposition of the Records Custodians (*no personal appearance necessary - <u>records only</u> to be sent via mail*) of the following entity:

Bunn-O-Matic Corporation
through its agent for Service of Process
Eugene M. Wilken
1400 Stevenson Drive
Springfield, IL 62703

at the offices of KEOGH, COX & WILSON, LTD., 701 Main Street, Baton Rouge, Louisiana 70802 on the **19th day of Arpil 2018.** Said party is to produce *certified copies* as follows:

Any and all copies of the designer's signed Declaration of Conformity and your entire technical file including a copy of the risk assessment performed and any tests they performed to show compliance with the European standards and obtain a CE mark for Bunn ITCB Infusion Series Tea Brewer, serial number ITCB013863.

Requested records are to be sent in a sealed envelope by depositing same, addressed to: Brian T. Butler; 701 Main Street, Post Office Box 1151, Baton Rouge, LA 70821, in the U.S. Mail, with sufficient postage affix on or before **April 19, 2018.**

This deposition is for records only and no testimony will be taken.

RESPECTFULLY SUBMITTED,

BY: ___s/ Brian T. Butler___
BRIAN T. BUTLER (#17499)
**KEOGH COX & WILSON, LTD**
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: bbutler@keoghcox.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 5th day of April, 2018.

___s/ BRIAN T. BUTLER___
BRIAN T. BUTLER

2